IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RASTELLI PARTNERS, LLC, and RAYMOND M. RASTELLI, JR., <br><br> Plaintiffs, <br><br> v. <br><br> FOFBAKERS HOLDING COMPANY, LLC and JAMES A BAKER a/k/a AL BAKER, Individually, <br><br> Defendants. | Civil Action No. 19-5124 (NLH/JS) <br><br> Magistrate Judge Joel Schneider |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT**

132223.1

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................1

   A. This Motion is Not Moot Because No Settlement was Reached. ....................1

   B. Plaintiffs' Complaint Does Not Provide Adequate Notice of the
      Claims Asserted Against the Bakers. ............................................................3

III. CONCLUSION ....................................................................................................5

132223.1

## I. INTRODUCTION

Plaintiffs' Opposition attempts—once again—to bully the Bakers into giving up the business they have worked so hard to build.[1] Setting aside Plaintiffs' unwarranted threats against Defense counsel, their Opposition still does not demonstrate how their Complaint satisfies the requirements of *Twombly* or *Iqbal*. First, the Bakers' Motion to Dismiss is not moot because no settlement agreement was ever reached. Second, Plaintiffs' Complaint is vague and ambiguous and does not provide the Bakers with any notice of the allegations asserted against them. Thus, the Court should dismiss Plaintiffs' Complaint without prejudice or, at the very least, enter an Order requiring Plaintiffs to replead their claims so that the Bakers may have sufficient notice of the claims alleged against them.

## II. ARGUMENT

### A. This Motion is Not Moot Because No Settlement was Reached.

Plaintiffs' attempt to avoid decision on this Motion to Dismiss by arguing that the parties already reached settlement. For the reasons already stated in the Bakers' Opposition to Plaintiffs' Motion to Enforce Settlement Agreement, no agreement was ever reached between the parties. The parties failed to agree at the March 14, 2019 conference, and they have not reached agreement since that date.

---

[1] The Rastellis have repeatedly attempted to steal the Bakers' business by not only filing the current lawsuit, but also impeding the Bakers' patents by refusing to run sales through the parties' joint venture entity.

132223.1

Even Plaintiffs' counsel, David Dahan, acknowledged that the parties did not reach agreement at the conference.

> Also, with respect to your reference as to what was "discussed or agreed to" at the mediation with Judge Schneider, we feel it necessary to reiterate that there was ***no agreement reached at the mediation***. The law in the State of New Jersey and this Circuit is that there is ***no settlement from mediation unless reduced to a signed writing***.

*See* Doc. 44-1 at 4 (quoting April 11, 2019 e-mail from Mr. Dahan to Ed Heben[2]).

Several essential terms, such as the licensing fee, the calculation of gross receipts, responsibility for company expenses, and Mr. Baker's compensation as brand ambassador, have not yet been established. *See Garde-Hill v. Cadbury at Cherry Hill, Inc.*, No. 1:15-CV-8865, 2018 WL 2192706, at *2 (D.N.J. May 14, 2018) (explaining that a settlement is binding only if both parties "agree upon all essential terms . . . and effectively bind themselves thereon"). Because the Bakers and Rastellis have yet to agree on several essential terms, there is no enforceable settlement agreement. Thus, the current Motion to Dismiss is not moot.[3]

---

[2] Mr. Baker has since terminated Mr. Heben's representation and hired new corporate counsel in Ohio. This firm continues to act as counsel of record for Mr. Baker.

[3] The Bakers stand by their argument regarding Plaintiffs' failure to comply with the mediation provision contained in Article 12 of the Operating Agreement. However, the Bakers believe that they will likely succeed on their other arguments, namely that Plaintiffs' Complaint fails to provide adequate notice of the claims alleged against them (*see infra* at 3–4) and that Plaintiffs' Motion to Enforce Settlement should be denied (*see* Doc. 44). To prevent further distraction from these two main arguments, the Bakers have withdrawn their argument relating to the mediation provision (Argument III(C) of Defendants' Motion to Dismiss).

### B. Plaintiffs' Complaint Does Not Provide Adequate Notice of the Claims Asserted Against the Bakers.

Plaintiffs' Complaint must provide not only fair notice to the defendants, but also provide the grounds on which the claim rests. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Plaintiffs' Complaint fails to identify the fiduciary duties that were allegedly breached and how the Bakers' conduct caused any alleged harm or damages. In their Opposition, Plaintiffs make many assertions that they did not make in their initial Complaint. For example, on pages 11 through 14 of their Opposition, Plaintiffs plainly set forth which specific fiduciary duties[4] they believe were violated and how the Bakers' conduct allegedly violated those duties. These facts were not set forth in Plaintiffs' Complaint and thus should not be considered by the Court when deciding the Bakers' Motion. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (courts may consider only the allegations in the complaint, the exhibits attached thereto, and matters of public record when deciding a motion to dismiss).

In addition, although Plaintiffs correctly acknowledge that their Complaint cites at least eight specific provisions of the Operating Agreement, the Complaint

---

[4] Even though not asserted or explained in their Complaint, Plaintiffs assert in their Opposition that the Bakers "put their own personal interests before the Company." *See* Pls.' Opp'n at 14. This assertion is completely unfounded. In fact, the Rastellis put their own personal interests before those of the Company given that they refused to run any sales whatsoever through the Company. Mr. Baker and his family have devoted years to creating and sustaining their family business. They would never do anything to act against its best interests. The Rastellis are the ones acting "arbitrarily and unreasonably." *See id.* The Bakers are simply attempting to save their personal family business and receive the compensation to which they are entitled.

3

is still unclear as to what provisions were violated and how any violations resulted in damages to Plaintiffs. For example, Plaintiffs cite Section 4.1(g) of the Operating Agreement, which requires arbitration if "the Managers cannot agree on a particular action or resolution." Plaintiffs, however, do not allege that the Bakers violated this Section. Further, there are no allegations in the Complaint that set forth how any violation of Section 4.1(g) resulted in damages to Plaintiffs. Thus, even though Plaintiffs attempt to explain and further clarify their allegations in their Opposition, Plaintiffs' actual Complaint fails to assert the facts necessary to demonstrate any connection between the alleged breach and injury suffered. *See Commercial Credit Corp. v. C. F. Schwartz Motor Co.*, 251 A.2d 353, 355 (Del. Super. Ct. 1969) (finding for defendant where "[n]o causal connection between the alleged breach and the loss has been shown").

    Ultimately, the Bakers are simply asking Plaintiffs to replead their Complaint so that the Bakers may understand the claims alleged against them. Unless Plaintiffs file a more definite statement, the Bakers would be forced to speculate as to the claims actually asserted. The Bakers are unable to adequately respond to Plaintiffs' claims in an Answer without first understanding (1) what provisions or duties were violated and (2) how Plaintiffs have been damaged. This Court should not permit Plaintiffs to ignore such basic pleading requirements.

## III. CONCLUSION

Based on the foregoing and for the reasons stated in Defendants' Opening Memorandum, Defendants respectfully request that this Court enter an Order dismissing Plaintiffs' Complaint or, alternatively, compelling Plaintiffs to file a more definitive statement of their claims.

Dated: July 8, 2019                             Respectfully submitted,

*/s/ Gregory A. Lomax*
Gregory A. Lomax (I.D. No. 004271991)
LAULETTA BIRNBAUM LLC
591 Mantua Blvd. Suite 200
Sewell, NJ  08080
Tel:     856.232.1682
Fax:    856.232.1601
E-mail:  glomax@lauletta.com

*Attorney for Defendants* FOFBakers Holding Company, LLC and James A. Baker a/k/a Al Baker

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 8, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

Dated: July 8, 2019  Respectfully submitted,

/s/ Gregory A. Lomax
Gregory A. Lomax (I.D. No. 004271991)
LAULETTA BIRNBAUM LLC
591 Mantua Blvd. Suite 200
Sewell, NJ  08080
Tel: 856.232.1682
Fax: 856.232.1601
E-mail: glomax@lauletta.com

*Attorney for Defendants* FOFBakers Holding Company, LLC and James A. Baker a/k/a Al Baker

132223.1