

6000 Sagemore Drive, Suite 6301
Marlton, NJ 08053-3900

*main* 856.355.2900
*fax* 856.355.2901

www.hylandlevin.com

**David R. Dahan**
*Direct* 856.355.2991
dahan@hylandlevin.com

July 12, 2019

<u>*Via Efiling*</u>

The Honorable Joel Schneider, U.S.M.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Bldg. & U.S. Courthouse
4th and Cooper Streets, Room 1050
Camden, NJ 08101

> Re: ***Rastelli Partners, LLC and Raymond M. Rastelli, Jr. vs. FOFBakers
> Holding Company, LLC and James A. Baker a/k/a Al Baker, Individually***
> **Civil Action No. 1:19-cv-05124**

Dear Judge Schneider:

This firm represents the Plaintiffs, Rastelli Partners, LLC and Raymond M. Rastelli, Jr. in the above captioned matter. In accordance with paragraph 5 of Your Honor's May 30, 2019 Amended Scheduling Order, the parties have conferred and I enclose the parties' Joint Proposed Discovery Plan.

Your Honor's continued attention to this matter is greatly appreciated.

Respectfully submitted,

David R. Dahan

DRD/mgc
Enclosure
cc:     Gregory A. Lomax, Esquire *(via ECF w/enclosure)*
        Gavin Lentz, Esquire *(via ECF w/enclosure)*

{HL933682.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASTELLI PARTNERS, LLC and<br>RAYMOND M. RASTELLI, JR.,<br><br>        Plaintiffs,<br><br>v.<br><br>FOFBAKERS HOLDING COMPANY, LLC<br>and JAMES A. BAKER a/k/a<br>AL BAKER,<br><br>        Defendants. | CIVIL ACTION NO. 1:19-cv-05124<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

| | | |
|---|---|---|
| David R. Dahan, Esq. | Gregory A. Lomax, Esq. | Gavin P. Lentz, Esq. |
| Hyland Levin Shapiro LLP | Lauletta Birnbaum | Bochetto & Lentz PC |
| 6000 Sagemore Drive | 591 Mantua Boulevard | 1524 Locust Street |
| Suite 6301 | Suite 200 | Philadelphia, PA 19102 |
| Marlton, NJ 08053 | Sewell, NJ 08080 | P: 215.735.3900 |
| P: 856.355.2991 | P: 856.232.1682 | F: 215.735.2455 |
| F: 856.355.2901 | F: 856.232.1601 | *Attorney for Intervenor, DF* |
| *Attorney for Plaintiffs* | *Attorney for Defendants* | *Ventures, LLC* |

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

This is a business dispute between two managers of a limited liability company, FOFBakers, LLC (the "Company"). The Company is in the business of selling rib steaks. The Plaintiffs allege that the Defendants breached their fiduciary duties to the Company and its members, breached the Operating Agreement and breached the implied covenant of good faith and fairly deal by, among other things, failing to participate in member and manager meetings and preventing the Plaintiff-Manager from effectively performing his duties. The Intervenor's position is aligned with the Plaintiffs and the Intervenor joins the Plaintiffs' request for relief. The Defendants deny these allegations. Defendants have also filed a motion to dismiss Plaintiffs' complaint. At the appropriate time, Defendants anticipate asserting claims against Plaintiffs for, *inter alia*, breach of contract, breach of fiduciary duty, misappropriation, accounting, and tortious interference. Defendants

anticipate the Plaintiffs will deny such claims and defend against them.

3.    Have settlement discussions taken place?  Yes__X_____No _____

   (a) What was plaintiff's last demand?   The parties previously participated in mediation with Judge Schneider.  It is the Plaintiffs' and Intervenor's position that this action was settled and they have filed a pending Motion to Enforce Settlement Agreement ("Motion").  As set forth in the Motion, the Plaintiffs and Intervenor have identified the terms upon which they assert a settlement was reached.  The Defendants deny a settlement was reached and they have opposed the Motion.  As a result of the foregoing, the parties provide their response to this question without prejudice to their respective positions taken in the submissions related to the Motion.

      (1) Monetary demand: $ See paragraph 3(a) above.

      (2) Non-monetary demand: See paragraph 3(a) above.  Also, the Plaintiffs sought certain injunctive relief, and were provided certain relief via the Court's February 15, 2019 Consent Order to Proceed to Mediation and Arbitration, in the form of approval to provide preliminary pricing to a franchise, approval to enter into an agreement with that franchise and approval of the continued use of the Company's sourcing of pork from Poland which eventually resulted in a ruling from the Arbitrator, Retired Judge Francis Orlando in favor of the Plaintiffs.

   (b) What was defendant's last offer?

      (1) Monetary offer: $  See paragraph 3(a) above.  After the date when the Plaintiffs and Intervenor allege a settlement was reached, the Defendants demanded a 7% royalty and $500,000 as an advanced monetary payment towards royalties.

      (2) Non-monetary offer:  See paragraphs 3(a) and 3(b) above.

4.    The parties [have X_____have not_____] met pursuant to Fed. R. Civ. P. 26(f).

5.    The parties [have X__have not_____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

6.    Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1).  None.  See No. 5 above.  Also, the Plaintiffs contend that at this stage and given that the they allege damage to the Company, they are not yet in a position to quantify their damages as a result of the Defendants' conduct.  Similarly, Defendants are not in the position to quantify their alleged damages on their anticipated claims against the Plaintiffs.

7.    The parties [have X_____have not_____] conducted  discovery  other  than

the above disclosures. If so, describe.  As part of informal discovery, the Defendants have requested and the Plaintiffs have provided certain financial and other information to the Defendants related to the Company's operations.  Formal discovery still needs to be conducted in accordance with the Court's May 30, 2019 Amended Scheduling Order.

8.   Proposed joint discovery plan:

(a) Discovery is needed on the following subjects:  Generally, liability and damages. The Plaintiffs seek discovery related to their allegations such as the Defendants refusing to participate in member and manager meetings, the Defendants' efforts to sabotage the Company and the Defendants' efforts to defame and cause damage to the Company and the Plaintiffs.  The Plaintiffs also seek digital and electronic discovery in native and hard copy format in the form of emails, texts and various social media posts and communications.  The Defendants agree to preserve such digital and electronic information and do not intend to object to the discovery of digital or electronic information.  The Defendants seek additional discovery related to the Company's financial operations.  The party seeking discovery shall be responsible for the costs of production.

(b) Discovery [should_____should not X_____] be conducted in phases or be limited to particular issues.  Explain.

(c) Proposed schedule:

(1) Fed. R. Civ. P. 26 Disclosures  Completed on June 28, 2019.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) Conducted on July 11, 2019.

(3) Service of initial written discovery  July 12, 2019 per Court's May 30, 2019 Amended Scheduling Order. Defendants seeks to extend the deadline for 30 days after the current motion to dismiss and motion to enforce settlement are decided.

(4) Maximum of 25   Interrogatories by each party to each other party.

(5) Maximum of 10  depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by August 15, 2019 per Court's May 30, 2019 Amended Scheduling Order.

(7) Factual discovery to be completed by November 29, 2019 per Court's May 30, 2019 Amended Scheduling Order.

(8) Expert reports from parties with affirmative claims due by December 31, 2019 per Court's May 30, 2019 Amended Scheduling Order.

(9) Responsive expert reports due by January 31, 2020.

(10)   Expert depositions to be completed by <u>February 28, 2020 per Court's May 30, 2019 Amended Scheduling Order.</u>

(11)   Dispositive motions to be served by <u>30</u> days of completion of discovery, i.e., by December 31, 2019. This differs from the November 15, 2019 deadline provided in the May 30, 2019 Amended Scheduling Order because that deadline is prior to the factual discovery deadline of November 29, 2019.

9.   Set forth any special discovery mechanism or procedure requested.

(a) A pretrial conference may take place in <u>March 2, 2020</u>.

(b) Trial date: <u>April 13, 2020</u> ( <u>X          </u>Jury Trial; <u>            </u>Non-Jury Trial). At this time, the parties disagree on whether this should be a jury versus non-jury trial. The Plaintiffs seek a non-jury trial. The Defendants may seek a jury trial.

10.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes          No   X    .   If so, please explain.

11.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

Yes          No   X    .

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

12.   Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S.   <u>Yes</u>

13.   Do you anticipate any discovery problem(s) not listed above? Describe. Yes     No   X _.

14.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).   <u>It was appropriate for meditation which the parties participated in with Magistrate Judge Schneider on March 14, 2019. The Plaintiffs and Intervenor assert that a settlement was reached between the parties. The Defendants deny that a settlement was reached. See response to paragraph 3 above.</u>

15.   Is this case appropriate for bifurcation? Yes          No   X       

16.   An interim status/settlement conference (with clients in attendance), should be held in

<u>September 13, 2019 at 11:00 a.m. per the Court's May 30, 2019 Amended Scheduling Order</u>.

17.   We [do_____do not___X_____] consent to the trial being conducted by a Magistrate Judge.

18.   Identify any other issues to address at the Rule 16 Scheduling Conference.  None at this time.

/s/ David R. Dahan/July 12, 2019
 Attorney(s) for Plaintiff(s)/Date

/s/ Gregory A. Lomax/July 12, 2019
 Attorney(s) for Defendant(s)/Date

 /s/ Gavin P. Lentz/July 12, 2019
 Attorney(s) for Intervenor/Date